# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

THOMAS GRIFFIN,

      Plaintiff,

v.                                                    Case No:   3:22-cv-138-TJC-JBT

WASTE PRO OF FLORIDA, INC.,

      Defendant

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

By Order dated September 26, 2022, this unpaid overtime compensation Fair Labor Standard Act ("FLSA") case was referred to the undersigned to conduct a settlement conference. Doc. No. 31. With the referral, the Presiding District Judge authorized the undersigned to conduct a fairness analysis of any settlement pursuant to *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), and to submit a report and recommendation for final approval of same. *Id.*

On October 19, 2022, I conducted the settlement conference via the Zoom application. *See* Doc. Nos. 32-35, 38. Both parties attended, and both parties were represented by competent counsel who were also in attendance. *See* Doc. Nos. 36-

38. At the conclusion of the settlement conference, the parties reached an agreement whereby Defendant would pay to Plaintiff the sum of $2,000.00 in exchange for dismissal of all wage and hour claims that could have been brought against Defendant in this action. This amount is exclusive of attorney's fees and costs, which the parties have agreed to negotiate separately at a global settlement conference before the undersigned to be scheduled for a later date. In addition, the parties did not request or negotiate for a broad general release, confidentiality, or any other typically problematic provisions that would taint any FLSA settlement.

The amount negotiated at the settlement conference is less than what Plaintiff listed in his FLSA interrogatories, *see* Doc. No. 23, therefore I find that this is a compromise of his claims. This amount was negotiated with my assistance, at a mediated settlement conference, where each party was represented by competent counsel, and the settlement was reached following arms-length negotiations. In addition, the parties discussed with the undersigned in detail the strengths and weaknesses of their respective claims and defenses, as well as the risks and expense of going forward with litigation. And as noted above, this settlement was negotiated separate and apart from any discussion of attorney's fees and costs. *See also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009)

Accordingly, pursuant to *Lynn's Food*, I **RESPECTFULLY RECOMMEND** that the Court find the settlement to be a fair and reasonable compromise of a bona

fide dispute under the FLSA. I further recommend that the Court keep this case open until the parties negotiate and resolve Plaintiff's pending claim for attorney's fees and costs.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 20, 2022.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy