## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

THOMAS GRIFFIN,

      Plaintiff,

v.                                                                  Case No. 3:22-cv-138-TJC-JBT

WASTE PRO OF FLORIDA, INC.,

      Defendant.

_____

## O R D E R

      This Fair Labor Standards Act case is before the Court on Plaintiff Thomas Griffin's Unopposed Motion for Entitlement to Attorneys' Fees. (Doc. 49). On October 20, 2022, United States Magistrate Judge Leslie Hoffman Price issued a report and recommendation informing the Court that the parties had agreed to settle this case following an October 19, 2020 settlement conference. (Doc. 40). Magistrate Judge Hoffman Price recommended that the Court approve the settlement agreement. Id. On November 9, 2022, the Court adopted the report and recommendation, approved the settlement agreement, and the Clerk entered final judgment in favor of Griffin against Defendant Waste Pro of Florida, Inc. on November 14, 2022. (Docs. 44, 47). Griffin now moves the Court to determine whether he is entitled to an award of attorneys'

fees and costs against Waste Pro pursuant to 29 U.S.C. § 216(b) and Local Rule 7.01. (Doc. 49).

Local Rule 7.01's bifurcated attorneys' fees procedure requires parties to first demonstrate an entitlement to attorneys' fees before filing a supplemental motion on amount. Local Rule 7.01(a), (b). "Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs." <u>Laney v. BBB Logistics, Inc.</u>, 844 F. App'x 203, 207 (11th Cir. 2021)[1] (quoting <u>Kreager v. Solomon & Flanagan, P.A.</u>, 775 F.2d 1541, 1542 (11th Cir. 1985)). A party prevails when he obtains either a judgment on the merits or a consent decree. <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Hum. Res.</u>, 532 U.S. 598, 605 (2011); <u>Cf. Jones v. Waste Pro USA, Inc.</u>, No. 6:22-cv-503-GAP-DCI, 2022 WL 4348584, at *1 (M.D. Fla. Aug. 30, 2022), <u>report and recommendation adopted</u>, 2022 WL 4305923 (M.D. Fla. Sept. 19, 2022) (discussing how plaintiffs prevail when accepting settlements through offers of judgment). Here, the Court approved the parties' settlement agreement and entered final judgment in favor of Griffin against Waste Pro, and Waste Pro does not contest Griffin's entitlement to attorney's fees. (Docs. 44, 47, 49).

---

[1] The Court does not rely on unpublished opinions as binding precedent, however, they may be cited when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

Accordingly, it is hereby

**ORDERED:**

1)      Plaintiff's Unopposed Motion for Entitlement to Attorneys' Fees (Doc. 49) is **GRANTED**. Plaintiff is entitled to attorneys' fees as the prevailing party.

2)      Plaintiff shall file his supplemental motion on the amount of attorneys' fees, consistent with Local Rule 7.01(c), no later than **December 23, 2022**.

3)      Defendant shall file any response no later than **January 13, 2023**.

**DONE AND ORDERED** in Jacksonville, Florida the 9th day of December, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

rmv
Copies to:
Counsel of record

3